Smith, J.
The question submitted to us is; whether an injunction should now issue in this case against- the city of Cincinnati, restraining it until the further hearing of the case from taking any action in the proceeding now pending for the estab- ■ lishment of street railroad route, No. 25.
One of» the claims of the plaintiff is, that the ordinance under which said proceeding is being prosecuted, and which purports to have been passed December 20, 1892, was wholly invalid, for the reason that no proper and legal notice of an application for said route had been published for three consecutive weeks prior to the passage of such ordinance, as it is claimed is required both by the general ordinance of the city, passed February 7, 1879, (Coppoek & Hart’s Ord. 528) and by sec. 2502, Rev. -1 t.
It is conceded, as we understand, by the corporation counsel, that an application was made by Johnson and his associates to the city authorities, for the establishment of a street railroad route to be known as No. 25, on a particular line therein named, and due and legal notice was given of this application; that subsequently this application was amended and changed as to some part of the route, and due notice was given of this amended application, and as-'to a second amendment to the original application. But then followed another amendment to the application, and as to this no notice whatever was given prior to the passage of the ordinance of December 20, 1892, which is the ordinance in question in this case, and which purported to establish route No. 25, as applied for in the several applications, and on the route as shown by them as finally amended, and which further prescribed where the tracks were to be constructed, and where said route should be operated upon tracks already constructed, and prescribing also the manner in which said tracks were to, be constructed, and the terms and conditions upon which said route should be operated; and said ordinance further *13 provided, that sealed proposals should be advertised for to construct and operate said road at the lowest rates of fare," in accordance with the terms, conditions and stipulations of s.uch ordinance. Such advertisement has been duly made,' and bids under the same are' to be received until March 3,1 1893.
. It is manifest, from what has been said, and from a read-1 ing of-the general ordinance of February 7, 1879, that its provisions as to the publication of the notice of the application in this case as finally made, have not been complied' with. But as the board of administration and the board of legislation of this city constitute the legislative body of the city, and can at pleasure alter or repeal any ordinance merely providing for the manner in which this legislative power is to h; i-vorcised, they were authorized, as we think, to waive1 or ignore such regulations, and by special legislation in a par-' ticular instance, enact a legal and valid ordinance which they have power to enact, though the same may not have been done in the particluar mode or manner .prescribed by an existing ordinance, which they might at any time have repealed. As was said by Judge Longworth, in the decision of the case of the State v. Henderson, 38 Ohio St. 649, “The ordinance is passed by council under a self-imposed rule contained in their own general ordinance, which they are at liberty to change or repeal at any time.”
' But a more difficult and troublesome question arises when we come to the consideration of the construction to be placed on sections 2501 and 2502, Revised Statutes, and whether, under those, it was absolutely necessary to the legality of the ordinance of December 20, 1892, that notice of the application for the establishment of this route should have been published for three consecutive weeks prior to the passage,thereof. If it was, and it is conceded that it was not so done, it would seem to follow that all of the proceedings based on such application would fall. ^
*14 Tbe two members of this court who heard the application, for the injunction are not entirely.'agreed as to the construe- - tí on which should be. placed on these two sections. Judge Swing is of the opinion that, under the provisions of section-2502, that “no ordinance for the purpose specified'in said preceding section (2501) shall be passed until publication of the application therefor has been given’-’ as provided, contemplates such publication before any attempt is made by the officers of the city to point out the route contemplated, of to invite proposals for the construction thereof; that such has been the practice hitherto, and seems to be sanctioned by the decision of the Circuit Court of Sixth Circuit, in 7th Circuit Rep. 84. Such unquestionably has been the former practice. Indeed, it was provided for by the general ordinance of this city, as we have seen, and may have been the requirement of the statutes of the state as they were before the law was enacted in its present shape, March 20, 1884. But I incline to the view that under the statutes as they now read the publication referred to is not an essential prerequisite to the passage of an ordinance like that of December 20, 1892, but that it is to be made after bids therefor have been obtained and the lowest bidder ascertained, and application is made by the successful bidder for the grant and leave to proceed with the work. Such an application is expressly provided for by section 2501; and section 2502, after expressly providing that “no ordinance or resolution,” (for this preliminary action may be by resolution, while the final grant must be by ordinance), “to establish or define a street railroad route, shall be passed, and no action inviting proposals to’ ’construct and operate such railroad shall be taken by thelconucil except upon the recommendation of the board of |public^works in cities” — (in this city now by the board of administration) — which recommendation' was duly made for this ordinance of December 20, 1892, and the only requisite*to the passage. Of such ordinance complied with ;-for *15 tbe further and following provision of section 2502 is, “that no ordinance for the purpose specified in said preceding section” (2501) — that is, making the final grant to the lowest bidder, fixing the terms and conditions, etc., and the route thereof — shall be passed until public notice of the application therefor has been given, as. specifically provided for. And it would seem that a notice then given, when all the terms and conditions and the route itself are definitely established, and it is known who is the lowest bidder, would better accomplish the object contemplated by the statute than one given at an earlier stage of the proceeding, and allow all persons interested in the matter to present to the city authorities their reasons for or against the passage of the final ordinance.
But whether the one, or the other, of these constructions is correct, (and it must be conceded that the statutes are vague and ambiguous), we agree as to this: that if the notice of the application is to be given before the passage of the first ordinance or resolution, to merely establish or define a route, and inviting proposals for the construction thereof, on certain terms, that it is not so far jurisdictional in its character as to make the first ordinance or resolution invalid if notice is not given, and that if such notice is given before the passage of the final .ordinance, that this will be sufficient; and if not so given, the final ordinance would be invalid.
It is further claimed by counsel for the plaintiff, that the provisions of section 6 of this original ordinance, passéd December 20, 1892, as to a percentage to be paid to the city by the lowest bidder, of 2-| per cent, of the gross earnings of such grantee, of other lines operated by such grantee in connection with this line, makes an unfair and unjust discrimination against persons or corporations who might wish to be bidders for route No. 25 in this: that if such person or corporation should be tbe lowest bidder therefor, and the *16 grantees of such route are now or should hereafter be .the .owners of or engaged in operating other lines of. street railroad, and should operate this route in connection with any other line so operated by such grantees, for the fare authorized by the ordinance granting said route No. 25, that such gantees would be bound to pay to the. city not only the 2-|- per pent, of its gross earnings from any source of route No. 25, but also, in addition thereto,, (except in a certain contingency. provided for,) 2|-per cent, of the gross earnings of .all their connecting lines at any time operated in connection with said route No. 25 for the fare authorized to be charged over route No. 25.
It is argued by the corporation counsel that this is not the meaning to be given to the language used in the ordinance. As to this, it may be said that, in our judgment, it is open .to this construction, and if the ordinance had required that the grantee of route No. 25, if the operator of other lines that might be used in connection with this route, should be so used, and for the one fare provided for route No. 25, it would seem clear that this, in effect, would make distinctions between bidders, and would impose burdens on those operating other lines which might be used in connection with this, which could,not rightfully be thrown upon them, and that it would be against public policy to allow this to be done.
. But it seems to us that a sufficient answer to this claim of the plaintiff is, that the ordinance does not require such .other lines as might be used in connection with this to be so used, and for the same fare. If the grantee of route No. 25 should now or hereafter, operate such other lines and see proper, of his own accord, to operate them in connection with this and .for the one-fare, this is voluntary, on his part,, and jt. would seem that no one is authorized to complain of such .a*provision..,,.,■ i , . „ .- , ,
Many other objections are made to this. proceeding. Among them are these:
*17 1. That the boards of the city exceeded their jurisdic'i tion in establishing said route over private • property not a highway.
2. That they exceeded their jurisdiction in attempting to establish a railway system of more than one route in this one ordinance, and in making provisions therein in violation of law in the matter of the part of the route, which, when constructed, could thereafter be used in the establishment and construction of new routes: and,
3. That the ordinance was not signed by the mayor, as is required by law, and that it was not passed in conformity with the statute of the state.
In view of the fact that, under the circumstances of the case, there should be an early decision of the question submitted to us, we can not discuss these objections fully. We are of the opinion, however, that the claims made are not well founded. We think the ordinance in question was valid without the signature or approval of the mayor, and that it was regularly and legally passed; that the ordinance was not invalid as establishing or proposing to establish, more than one route; that the fact that at a certain point it forked and one branch took a westerly and the other a northwesterly direction did not destroy the unity of the route, or make it two diverse and different routes; that the fact that for a part of the way the line may not have run over many of the' streets or alleys of the city did not make the route illegal, particularly in view of the fact shown by the evidence that since the passage of the ordinance a grant has been made of the private ground proposed to be used for a right of way for such street railroad over the same, and that, like consents of the owners of the property, may be made at any time before the passage of the granting ordinance.
The' petition, as we' understand it, is filed by plaintiffs'’as owners of property abutting on some part of the liiié ' proposed for the route, and as taxpayers; to enjoin the city from *18 the abuse of its corporate powers. As to some of the objections urged, it is doubtful whether these plaintiffs, either as owners of abutting property or as taxpayers on behalf of the city, have such interest or'rights as to entitle them to maintain the action, but the decision is not put upon this ground.
Kittredge, Wilby & Simmons, Paxton & Wa.rrington and J. J. Glidden, for plaintiff in error.
Theodore Horstman, for the city.
We feel constrained, therefore, to refuse the injunction as prayed for at this time. Should the city authorities attempt to adopt the final ordinance making a grant and finally establishing the route without the publication found to be essential, an injunction would be granted against such action. Of course, the case stands on the docket of the court, and further application for an injunction can be made if it becomes necessary.